UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Daniel L. Kloberdanz, | ) | 2:13-cv-2182 JWS |
| | ) | |
| Plaintiff, | ) | ORDER FROM CHAMBERS |
| | ) | |
| vs. | ) | (Motion at Docket 208) |
| | ) | |
| Joseph M. Arpaio, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## I.  MOTION PRESENTED

At docket 208, plaintiff Daniel L. Kloberdanz ("Kloberdanz") moves for judicial review of the Clerk's taxation of costs at docket 207.  Defendants Robert W. Burghart ("Burghart") and Steven H. Carpenter ("Carpenter") respond at docket 215.  Kloberdanz did not file a reply.

## II.  BACKGROUND

Kloberdanz filed suit in state court against numerous defendants seeking to recover damages arising from events which transpired on June 15, 2012.  The case was removed to this court on October 25, 2013.  Early in the litigation, Kloberdanz agreed to the dismissal of his claims against the Maricopa County Board of Supervisors, the five individual Supervisors, and the Maricopa County Attorney, with

each of those parties bearing its own costs and fees.[1] The court entered an order approving the stipulation.[2] In an order at docket 20, the court granted defense requests to dismiss Kloberdanz's claims against defendants Arpaio, the Maricopa County Sheriff's office, and Maricopa County. The remaining claims were those pled against Burghart, Carpenter, and Joseph K. Pellino ("Pellino"). Later, the parties stipulated to dismiss Count Three in its entirety as to all defendants and Count Seven, which was directed only at Pellino, with each party to bear its own costs and fees.[3] The remaining claims were the subject of a seven-day jury trial in August of 2016. Burghart and Carpenter were represented by lawyers in the Maricopa County Attorney's office. Pellino was represented by Sara Barnes of Broening, Oberg, Woods & Wilson PC.

The jury returned verdicts in favor of Burghart and Carpenter on Kloberdanz's Fourth Amendment Excessive Force claim against them, his only claim against them. The jury also returned a verdict in favor of Pellino on Kloberdanz's false arrest claim, but could not agree on verdicts on Kloberdanz's other claims against Pellino. A mistrial was declared as to those claims. They will be litigated in a second trial scheduled for February 6, 2017.

Subsequent to the trial, counsel for Burghart and Carpenter filed a cost bill seeking to recover total costs of $13,599.70.[4] Kloberdanz objected at docket 206. The

---

[1] Doc. 5.

[2] Doc. 11.

[3] Doc. 110. The court approved the parties' stipulation at docket 112.

[4] Doc. 203.

Clerk ultimately taxed costs against Kloberdanz in the amount of $4,544.05.[5]  It is that decision which Kloberdanz asks the court to review.

### III.  DISCUSSION

The jury verdict and judgment entered in favor of Burghart and Carpenter show that they were prevailing parties.  Federal Rule of Civil Procedure 54(d) creates a presumption that costs should be awarded to a prevailing party.[6]  To overcome the presumption, "the losing party must show why costs should not be awarded."[7]

Kloberdanz first contends that costs should not have been taxed against him because they were not necessarily incurred by Burghart and Carpenter.  Kloberdanz correctly says that only costs necessarily incurred may be taxed.[8]  Kloberdanz then argues that the costs were actually incurred by the Maricopa County Attorney.  Examination of the documents supporting the cost bill shows that all of the costs were invoiced to the Maricopa County Attorney.[9]  Burghart and Carpenter do not dispute the proposition that the costs were incurred by the Maricopa County Attorney: "In this case the taxable costs were incurred in the defense of Burghart and Carpenter * * * [but they] were not on the hook for paying the costs as they were being represented by Maricopa

---

[5] Doc. 207.

[6] *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003).

[7] *Id*. at 945.

[8] 28 U.S.C. § 1924.

[9] Doc. 203 at pp. 2-35.  Some of the invoices were sent to individual attorneys who work in the office of the Maricopa County Attorney.

County Attorney's Office through their insurance policy–the Maricopa County Self-Insured Trust."[10]

The first issue then is whether the fact that the County Attorney incurred any necessary costs in defending Burghart and Carpenter means that those costs may not be taxed.  Kloberdanz relies on *Murkeldove v. Astrue*[11] to support his position that the costs may not be taxed.  In *Murkeldove,* the Fifth Circuit held that an award of fees under the Equal Access to Justice Act was appropriate where the individual claimants had contingency fee agreements obligating them to pay fees to their counsel.  The *Murkeldove* court did not consider awards of costs pursuant to Rule 54(d) and 28 U.S.C. § 1920.

Kloberdanz cites *Centennial Archaeology, Inc. v. AECOM, Inc.*[12]  That case is also distinguishable.  It dealt with the award of attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).  The case does not address the taxation of costs in favor of a prevailing party.

The next case cited by Kloberdanz is *Trugreen Cos. L.L.C. v. Mower Bros., Inc.*[13]  There, the issue was whether prevailing litigants could recover fees and costs under a contractual provision and pertinent state statutes.  The case does not discuss the taxation of costs under Rule 54(d) and 28 U.S.C. § 1920.

---

[10]Doc. 215 at p. 4.

[11]635 F.3d 784 (5th Cir. 2011).

[12]688 F.3d 673 (10th Cir. 2012).

[13]953 F. Supp. 2d 1223 (D. Utah 2013).

The last case cited by Kloberdanz, *Vasquez v. Commissioner*,[14] is also distinguishable. It addressed the application of statutory provisions not involved in the case at bar. It did not address taxation of costs pursuant to Rule 54(d) and § 1920.

To be sure, the cases discussed above can be read to suggest that one can "incur" an expense only if one is personally responsible for paying the expense, but such a generality is not dispositive here. The complement to § 1920, 28 U.S.C. § 1924, refers to costs "necessarily incurred," but it does not say incurred by whom. It is not obvious that where, as here, costs necessarily incurred are paid by a prevailing parties' insurer they should not be taxed. If the individual defendant must be personally responsible for paying the costs, then an award of costs pursuant to Rule 54(d) and 28 U.S.C. § 1920 would in some instances turn not on whether a cost was necessarily incurred, but on whether the prevailing defendant had insurance. In *Manor Healthcare Corp. v. Lomelo*,[15] the Eleventh Circuit considered whether a prevailing party who was insured could recover costs paid by the insurer. Noting that it had not "previously addressed whether a prevailing party to a lawsuit may recover costs paid by a person or entity not a party to the lawsuit,"[16] the federal court cited with approval a decision by the Florida Supreme Court, *Aspen v. Bayless*,[17] which held that a prevailing party is not foreclosed from recovering costs when those costs were paid by a third party. The

---

[14] 93 T.C.M. 660 (U.S.T.C. 2007).

[15] 929 F.2d 633 (11th Cir. 1991).

[16] *Id*. at 639.

[17] 564 So. 2d 1081 (Fla. 1990).

*Lomelo* court went on to explain that preventing a prevailing party whose costs were paid by an insurer from recovering those cost under Rule 54(d) would run afoul of the presumption that a prevailing party is entitled to recover costs and "would also allow plaintiffs to bring lawsuits against insured defendants without incurring litigation costs after losing on the merits."[18]

More recently the Ninth Circuit addressed a trial court's award of costs to a prevailing defendant in *Taniguchi v. Kan Pacific Saipan, Ltd.*[19] As in the case at bar, the prevailing tort defendant's costs were paid by its insurer. Echoing *Lomelo*, the Ninth Circuit explained that denying the award "punishes a prevailing party for being insured and violates the provisions and intent of Rule 54(d) of the Federal Rules of Civil Procedure, which directs the award of costs to a prevailing party. Thus, we hold that Kan Pacific was entitled to seek an award of costs even though the cost of litigation was paid by its insurer."[20] In light of *Taniguchi*, this court concludes that the fact that Burghart and Carpenter's costs were paid by its insurer does not render the taxation of costs by the Clerk erroneous.

As a subset of the argument that the costs were not incurred by Burghart and Carpenter, Kloberdanz asserts that essentially all costs were allocated to Burghart and Carpenter, and "not one penny has been allotted to [Pellino]."[21] This hyperbolic

---

[18] 929 F.2d at 633.

[19] 633 F.3d 1218 (9th Cir. 2011) *reversed on other grounds by Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997 (2012).

[20] 633 F.3d at 1220.

[21] Doc. 208 at p. 5.

assertion overlooks the fact that Pellino was represented by Sara Barnes, not the Maricopa County Attorney. More generally, this contention is adequately rebutted in Burghart and Carpenter's response.[22]

Next, Kloberdanz argues that,, because the order approving the stipulation which dismissed his claims against the Maricopa County Attorney provided that each party would bear its own costs and fees,[23] there can be no award of costs relating to the expenses the County Attorney has incurred in defending Burghart and Carpenter. This argument overlooks the fact that the stipulation and order in point did not address the claims against Burghart and Carpenter. Indeed, far from being dismissed by stipulation early in the litigation, those claims were the subject of a seven-day trial. This argument is frivolous.

Kloberdanz also argues that, in determining whether to award costs to a prevailing defendant in a civil rights action, the court should consider the plaintiff's financial situation, the size of the award, and whether such an award would chill litigants' willingness to seek redress for civil rights abuses. The court agrees that these matters should be considered. However, Kloberdanz's argument on these points is not supported by the record. First, contrary to his bare assertion that he has been financially "devastated,"[24] testimony at trial established that Kloberdanz continues to work as a lawyer. Second, his argument that "a $14,000 award of costs will be a true

---

[22] Doc. 215 at pp. 7-8.

[23] The stipulation is at docket 5, and the order approving it is at docket 11.

[24] Doc. 208 at p. 9.

hardship for him"[25] overlooks the fact that the award actually made is only $4,544.05. Finally, in a case in which a civil rights plaintiff "believes that compensatory damages should be awarded to him in an amount of no less than one million dollars" [26] and, in addition, seeks punitive damages, awarding costs of $4,544.05 will not have a chilling effect.

      Finally, Kloberdanz argues that many of the costs are not properly taxable. However, his memorandum does not focus on the $4,544.05 actually awarded. It is clear that the points advanced to support this argument relate to the initial request for an award in the amount of $13,599.70, not the costs actually taxed. For example, the cost bill filed by Burghart and Carpenter asked for $12,220.30 for transcripts.[27] In his motion Kloberdanz objected to $6,221.25 of the total requested for transcripts,[28] but the Clerk allowed only $3,869.05 for transcripts.[29] The court's review of the costs actually taxed does not disclose any that were improperly taxed by the Clerk.

---

[25] *Id.*

[26] From plaintiff's closing argument to the jury; doc. 199 at p. 29, ll. 12-13

[27] Doc. 203 at p. 1.

[28] Doc. 208 at p. 10.

[29] Doc. 207 at p. 2.

## **IV.  CONCLUSION**

For the reasons above the court denies the motion at docket 208 and approves the Clerk's taxation of costs in the amount of $4,544.05.

DATED this 6th day of December 2016.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT